IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JARED OSBORN and VANESSA OSBORN, Plaintiffs, v. CHARLES CRAIG BROWN, et al., Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STAY DISCOVERY OR FOR PROTECTIVE ORDER (Dkt. #51)** Case No.  2:12-cv-00775-TC-EJF District Judge Tena Campbell Magistrate Judge Evelyn J. Furse |

On February 4, 2013, Defendant John McCall filed a Motion to Stay Discovery or for Protective Order.  (Dkt. #51.)  The Court Ordered expedited briefing (Dkt. #53), and the Osborns filed their Opposition to the Motion to Stay on February 7, 2013 (Dkt. #55).  As to the Motion for a Protective Order, Defendant failed to comply with Federal Rule of Civil Procedure 26(c)(1)'s requirement that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  On that basis, the Court denies the Motion for a Protective Order.

Mr. McCall requests the Motion to Stay Discovery based on his pending Motion for Judgment on the Pleadings (Dkt. #46).  The trial court has discretion to grant or deny a postponement of civil discovery.  *Mid-Am.'s Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir. 1985).  For the Court to grant a stay, "a party must demonstrate a clear case of hardship or

inequity if even a fair possibility exists that the stay would damage another party." *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (internal quotations and citation omitted).  In determining whether to grant a stay, the Court considers the competing interests of the parties, in which the moving "party must demonstrate 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009).

Without considering the merits of Mr. McCall's Motion for Judgment on the Pleadings, the Complaint and the Opposition to this Motion make clear that Mr. McCall will be subject to discovery in this matter whether he is a named party or not because he is alleged to be a member, partner, agent and employee of CC Brown Law, which the Complaint alleges forms the center of a civil conspiracy and fraud claims.  Thus the Court does not find that allowing discovery to go forward will create a "clear case of hardship or inequity."  Mr. McCall does not attach the discovery requests or identify specific requests as particularly invasive.  Thus, given the submissions of the parties, the Court does not find a stay necessary.

The Court DENIES McCall's Motion to Stay Discovery or for Protective Order.  (Dkt. #51.)

DATED this 11th day of February, 2013.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge