IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JARED OSBORN and VANESSA OSBORN, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES CRAIG BROWN; CC BROWN LAW, LLC; WILFORD T. LEE; WT LEE & ASSOCIATES; JOHN MCCALL; CHAD GETTEL; KASEY RASMUSSEN; UTAH LITIGATION COUNSELORS; JL MARTIN LAW GROUP; CENTURY LAW; LEGALSUPPORTONLINE.COM; SENTRY LAW; and DOE DEFENDANTS 1 through 20, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No.  2:12-cv-00775-TC-EJF <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Evelyn J. Furse |

Before the Court is Plaintiffs Jared Osborn and Vanessa Osborn's Motion to Compel re Defendant John McCall.[1] (ECF No. 65.) The Court finds the meet and confer sufficient under the circumstances of the dispute. The Court has carefully considered the Motion and Memoranda submitted for and against Plaintiffs' Motion and now GRANTS IN PART and DENIES IN PART that Motion.[2]

---

[1] District Judge Tena Campbell referred this case to the undersigned Magistrate Judge under 28 U.S.C. section 636(b)(1)(A) on December 14, 2012. (ECF No. 42.)

[2] Pursuant to Civil Rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds oral argument unnecessary.

-1-

## DISCUSSION

**A. General Objections**

Mr. McCall's first general objection, that he filed a Motion to Stay Discovery, is moot, given the Court denied the Motion on February 12, 2013. (ECF No. 57.)

Mr. McCall's second general objection, that Plaintiffs should not have discovery because he has filed a Motion for Judgment on the Pleadings, is not well-founded, given the pendency of such a motion does not automatically stay discovery. However, on April 8, 2013, the Court dismissed the complaint against Mr. McCall with leave to re-plead all but the first two causes of action. (ECF No. 85.) Rule 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Because Plaintiffs' claims against Mr. McCall are not currently part of the case, the Court will not consider those claims in making its decision. Instead, the Court will consider whether the discovery sought concerns any nonprivileged matter relevant to any of Plaintiffs', Charles Craig Brown's, CC Brown Law's, Wilford T. Lee's, WT Lee and Associates', Kasey Rasmussen's, Utah Litigation Counselors', JL Martin Law Group's, Century Law's, LegalSupportline.com's, and Sentry Law's claims or defenses. If the requested information is relevant to any of these claims or defenses, the Court will allow the discovery to go forward.

Mr. McCall's third through eleventh general objections reflect a disapproved "'practice of asserting a general objection "to the extent" it may apply to particular requests for discovery.'" *Swackhammer v. Sprint Corp.*, 225 F.R.D. 658, 660–61 (D. Kan. 2004) (citation omitted). Accordingly, the Court strikes these objections.

Mr. McCall's twelfth general objection, that he does not concede relevancy or materiality by responding to discovery, is not an objection.

Mr. McCall's thirteenth general objection, that the answers and production "are based on McCall['s] knowledge to date and documents collected by McCall to date," is not an objection and attempts to alleviate Mr. McCall of his obligations under the Federal Rules of Civil Procedure. Upon service with document production requests, a party has thirty days to respond by written response and production of documents with respect to everything in that party's possession, custody, and/or control. Fed. R. Civ. P. 34(a)(1) & (b)(2)(A). If a party needs more time, it must obtain a stipulation from the requesting party or a court order. Fed. R. Civ. P. 34(b)(2)(A). As Mr. McCall obtained neither, he may not, by way of general objection, extend his time for response. If Mr. McCall finds documents at a later date, the Rules provide the method for supplementing discovery and the standard for determining whether a party can introduce such later produced materials/answers at trial. Fed. R. Civ. P. 26(e) & 37.

**B. Requests for Production**

Request No. 1 seeks documents referred to in Mr. McCall's initial disclosures. Mr. McCall's obligation to produce documents in response to this request began at the time of the disclosure. Any objection to this request only delays the case. As Mr. McCall now asserts he lacks not only possession but also custody and control over the identified documents, he should identify the document(s) along with a statement of who has them, and state as part of the interrogatory answer that he lacks possession, custody, or control. Mr. McCall's objection that the Plaintiffs already have such documents may be well founded but neither the Plaintiffs nor the Court know to what documents Mr. McCall refers. Mr. McCall must identify such documents. Similarly, the Court cannot rule on Mr. McCall's objection that others have the requested documents which Plaintiffs can obtain just as easily without further information. The Court would need to know the burden on Mr. McCall of producing such documents as compared to the

burden on the Plaintiffs.  Furthermore, Mr. McCall's claim that some of the requested documents fall under the attorney-client or work product privilege makes little sense in the context of this document request.  Mr. McCall's initial disclosures consist of those documents he "may use to support [his] claims or defenses."  *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).  Either Mr. McCall has no intention of using privileged materials in his defense, or he intends to use them and thus has an obligation to disclose them.  The Court strikes this objection.  Similarly, Mr. McCall objected to production of his initial disclosures because he claims they request documents protected under the Fifth Amendment Privilege.  Again, if Mr. McCall intends to use documents in his defense he must disclose them at the outset of the case.  Furthermore, to assert Fifth Amendment privilege in civil litigation, the claimant must do so with particularity.  *United States v. Schmidt*, 816 F.2d 1477 (10th Cir. 1987); *N. River Ins. Co. v. Stefanou*, 831 F. 2d 484, 487 (4th Cir. 1987).  Mr. McCall has not done so here.  The Court orders Mr. McCall to amend his response to Request No. 1 to conform to the Court's ruling.

Request No. 2 seeks all compensation or payment documents made to Mr. McCall or on his behalf by CC Brown Law, WT Lee & Associates, or other law firm.  With the claims against Mr. McCall personally dismissed, this request is no longer relevant to any of the claims or defenses as currently pled.  The Court denies the Motion to Compel as to Request No. 2.

Request No. 3 seeks the terms of Mr. McCall's association with CC Brown Law, WT Lee & Associates, or any other law firm, including his responsibilities.  Without the claims against Mr. McCall personally, the terms of his association and his responsibilities at either CC Brown Law or WT Lee & Associates remains relevant to the existing claims and defenses. The request sweeps too broadly when it seeks all such documents from any firm with which Mr. McCall has associated.  With respect to his objections that the request calls for documents not in his

-4-

possession, custody, or control, the obtainability of such documents, or the Fifth Amendment privilege, Mr. McCall must amend his response to Request No. 3 as set forth in Request No. 1. If such documents receive protection from the attorney-client privilege or work product doctrine, Mr. McCall must make such claim through a privilege log.

Request No. 4 seeks the identity of every law firm for which Mr. McCall provides services. With the claims against Mr. McCall personally dismissed, this request is no longer relevant to any of the claims or defenses as currently pled. The Court denies the Motion to Compel as to Request No. 4.

Request Nos. 5 and 8 seek documents relating to any U.S. or Utah governmental investigation of Mr. McCall or CC Brown. As Mr. McCall may be a witness in the case and the allegations against CC Brown stand, the Court finds these documents relevant to the existing claims and defenses. In response to Mr. McCall's claim of over breadth, the Plaintiffs note the limit on the request to investigations since January 2010. Mr. McCall has offered no basis to consider the request unduly burdensome. With respect to his objections that the request calls for documents not in his possession, custody, or control, the obtainability of such documents, or the Fifth Amendment Privilege, Mr. McCall must amend his response to Request Nos. 5 and 8 as set forth in Request No. 1. If such documents receive protection from the attorney-client privilege or work product doctrine, Mr. McCall must make such claim through a privilege log.

Request No. 6 seeks communications relating to the Osborns or this case. Mr. McCall appears to have withdrawn his objections except those based on his Fifth Amendment Privilege, the attorney-client privilege or work product doctrine. To claim such privileges Mr. McCall must invoke the Fifth Amendment as set forth in Request No. 1 and provide a privilege log for the remainder. Mr. McCall must amend his response to conform with his representations.

Request No. 7 seeks documents identifying every person Mr. McCall has an agreement or understanding with concerning referral of clients on foreclosure relief or mortgage loan modification and the terms of compensation.  Without the claims against Mr. McCall personally, the identity of entities Mr. McCall refers clients to and the compensation for those referrals exceeds the scope of relevance for the pending case.  However, the identity of entities Mr. McCall refers clients to and the compensation for those referrals while associated with either CC Brown Law or WT Lee & Associates or on behalf of either CC Brown Law or WT Lee & Associates remains relevant to the existing claims and defenses as it may lead to discoverable evidence concerning the RICO claims.

Request No. 9 seeks advertisements or solicitations on Mr. McCall's behalf.  Mr. McCall appears to have withdrawn his objections except the one based on over breadth regarding entities beyond CC Brown Law.  Without the claims against Mr. McCall personally, only advertisements or solicitations on his behalf by or for either CC Brown Law or WT Lee & Associates remain relevant to the existing claims and defenses.  Mr. McCall must amend his response to conform with his representations.

Request Nos. 10 and 14 seek all documents concerning CC Brown Law, WT Lee, WT Lee & Associates, Utah Litigation Center, or Chad Gettel.  Because the Court also dismissed the claims against Mr. Gettel, the Court finds the document request to him, in his individual capacity, not relevant to any of the claims or defenses currently pled.  The Court also finds that the request for all documents concerning the named entities sweeps too broadly.  The mere assertion of a RICO claim does not make every document related to an alleged co-conspirator relevant.  Any attempt by the Court to narrow this request to relevant documents results in a

request duplicative of other requests already set forth.  The Court will permit the Plaintiffs to withdraw and reformulate this request.

Request No. 11 seeks documents identifying the employees of CC Brown Law.  Mr. McCall appears to have withdrawn his objections except over breadth and unduly burdensome.  Mr. McCall undercut his claim, however, by asserting he has not located any responsive documents.  If he cannot locate any such documents the request cannot be unduly burdensome.  As to over breadth, the Court disagrees; the identities of employees of CC Brown Law are relevant because the people working for CC Brown Law may have information that could lead to the discovery of admissible evidence.  Mr. McCall must amend his response to conform with his representations.

Request No. 12 seeks documents identifying the clients of CC Brown Law.  The Court finds the objection based on attorney-client privilege well-founded at this time.  Mr. McCall's knowledge of CC Brown Law's clients would appear to derive from privileged interactions.  If Mr. McCall did find any relevant documents to this request he should provide a privilege log, but that log should not reveal client identities.  Furthermore, the request seems overbroad to the extent it seeks the identities of clients unrelated to mortgage and foreclosure services.

Request No. 13 seeks training and employee manuals for any law firm with which Mr. McCall has associated himself.  Without the claims against Mr. McCall personally, the manuals of all entities with which Mr. McCall has associated exceed the scope of relevance for the pending case.  However, the manuals of CC Brown Law or WT Lee & Associates remain relevant to the existing claims and defenses.  To the extent Mr. McCall wishes to claim the Fifth Amendment privilege with respect to the requested documents, he must do so with particularity,

as set forth in Request No. 1.  Mr. McCall's opposition appears to have abandoned his other objections.

## **CONCLUSION**

The Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to Compel (ECF No. 65).  The Court ORDERS Mr. McCall to produce all responsive documents immediately, along with amended responses, and a privilege log.

DATED this 19th day of April, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge