IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JARED OSBORN and VANESSA OSBORN,<br>　　　　　Plaintiffs,<br><br>v.<br><br>CHARLES CRAIG BROWN; et al.,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS GETTEL AND MCCALL'S MOTION TO STAY (ECF Nos. 81, 83)**<br><br>Case No.  2:12-cv-775-TC-EJF<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Evelyn J. Furse |

　　　　Defendants Chad Gettel and John McCall (collectively, "Defendants") moved to stay civil proceedings pending outcome of criminal proceedings.  (ECF Nos. 81, 83.)  Defendants argue proceeding with the civil case will irreparably harm their ability to defend themselves in "criminal actions on the horizon," impermissibly will expand the scope of allowable criminal discovery, and will force disclosure of defense strategies otherwise not discoverable in a criminal case.  (ECF No. 81.)  The Court[1] has considered the Motion and Memoranda and elects to determine the Motion on the basis of the written Memoranda and finds oral argument unnecessary.  *See* DUCivR 7-1(f).

　　　　This Court determines that Defendants have failed to show that the interests of justice require a stay at this time.  Significantly, the government has not indicted anyone.  As set forth in more detail below, the Court DENIES the Motion to Stay.

---

[1] District Judge Tena Campbell referred this case to the undersigned Magistrate Judge under 28 U.S.C. section 636(b)(1)(A) on December 14, 2012.  (ECF No. 42.)

1

**DISCUSSION**

The trial court has discretion to grant or deny a postponement of civil discovery. *Mid-Am.'s Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir. 1985) (citations omitted). The parties seeking a stay bear the burden of "establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citation omitted). The stay of a civil proceeding to *complete* a criminal proceeding represents "an extraordinary remedy." *See Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (citation omitted). "The Constitution does not generally require a stay of civil proceeding pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. . . .When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (internal citations omitted). "The existence of a civil defendant's Fifth Amendment right arising out of a related criminal proceeding . . . does not strip the court in the civil action of its broad discretion to manage its docket." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98–99 (2d Cir. 2012).

*Motion to Stay*

For the Court to grant a stay, "a party must demonstrate a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (internal quotations and citation omitted). In determining whether to grant a stay, the Court considers a combination of six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the

prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*M.D. Diet Weight Loss & Nutrition Clinic, L.C. v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05-CV-605 TS, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006) (unpublished) (citing *Trs. of Plumbers*, 886 F. Supp. at 1139). Considering these factors, the Court does not find a stay necessary.

### A. Overlap of the Issues

Without an indictment, the Court cannot assess with any accuracy the overlap of issues in the criminal and civil case because it does not know what the criminal charges, if any, are. The civil complaint alleged a variety of claims—including civil RICO claims, fraud claims, and breach of contract claims related to the Plaintiffs' attempts to avoid foreclosure of their home—but failed to make specific allegations as to the Defendants. (ECF No. 85.) For that reason on April 8, 2013, the Court dismissed the claims against Gettel and McCall with leave to replead. Thus, this Court does not know what the claims against the two will be.

The Court also notes that the government is not a Plaintiff in this action. This fact weighs against a stay because "there is no risk that the government will use the broad scope of civil discovery to obtain information for use in the criminal prosecution." *Wirth v. Taylor*, No. 2:09-CV-127 TS, 2011 WL 222323, at *2 (D. Utah Jan. 21, 2011) (unpublished) (citation omitted).

Defendants claim an overlap primarily based on Plaintiffs' discovery, which requests information about the criminal investigation. The Court has little concern about the Fifth Amendment implications of these inquiries: either the defendants shared the information with the government, in which case the likelihood that it would tend to incriminate the two is reduced, or they did not share the information, so discovery requests about information provided pursuant to the investigation do not seek that information. A couple of the requests do directly seek

information that could implicate Mr. Gettel's Fifth Amendment rights—Request for Admission Nos. 17 and 36. To prevent problems of the government having broader discovery than that to which it is entitled, the Court notes that the Defendants may designate their responses confidential pursuant to the protective order in this case, and no party may disclose the responses to the government absent express permission of this Court. At this time, this factor weighs against granting a stay.

### B.  Status of the Criminal Case

Neither defendant currently has criminal charges pending, and no criminal case currently exists. In the absence of an indictment, courts generally do not grant a stay. *See M.D. Diet*, 2006 WL 2471524, at *1 (citing *Trs. of Plumbers*, 886 F. Supp. at 1139). Thus, this factor weighs against granting a stay at this time.

### C.  Plaintiff's Interests

The Court notes that the Plaintiffs filed the civil case on August 8, 2012, and the Plaintiffs have an interest in the "expeditious resolution" of their case. *Tibbs v. Vaughn*, No. 2:08-CV-787, 2012 WL 4480360, at *3 (D. Utah Sept. 28, 2012) (unpublished) (quoting *Hilda M. v. Brown*, No. 10-CV-02495-PAB-KMT, 2010 WL 5313755, at *5 (D. Colo. Dec. 20, 2010) (unpublished)). These Defendants have delayed this case repeatedly. (*See* ECF Nos. 49, 57, 104.) Courts have declined to stay civil proceedings where delay would prejudice the plaintiffs' interests because of the defendants' continuing misconduct or a reduction in plaintiffs' likelihood of enforcing a judgment against the defendants. *See, e.g.*, *Fed. Trade Comm'n v. J.K. Publ'ns Inc.*, 99 F. Supp. 2d 1176, 1197 (C.D. Cal. 2000) (noting history of hiding and attempting to dispose of assets); *Int'l Bus. Machs. Corp. v. Brown*, 857 F. Supp. 1384, 1391 (C.D. Cal. 1994) (identifying risk of further depletion of assets to satisfy possible judgment with passage of time).

At this time, the parties have no way to predict how long the criminal investigation will continue, whether any indictments will result, and whether the defendants, in particular, will be indicted.  Plaintiffs believe Defendants have defrauded them and others and seek reparations.  If the Plaintiffs have suffered financial harms at the hands of the Defendants, they have the right to resolve the dispute promptly.  If the criminal investigation continues it may deplete Defendants' resources and thus their ability to make Plaintiffs whole.  Under these circumstances, this factor weighs against a stay.

### D.  Defendant's Interests

The Court also takes into consideration the burden on the Defendants in proceeding with parallel actions.  Because the government has not charged either Defendant, at this time they have but one case to defend.  Both Defendants unquestionably have a right against self-incrimination.  Whether this litigation will implicate those rights remains unclear at this stage.  If in answering discovery the parties intend to claim a right against self-incrimination, they must do so with particularity.  *United States v. Schmidt*, 816 F.2d 1477, 1482 (10th Cir. 1987); *N. River Ins. Co. v. Stefanou*, 831 F.2d 484, 487 (4th Cir. 1987).  As suggested above, production under the protective order will prevent the government from obtaining discovery from this case to further its criminal case.  Without further information this factor weighs against a stay as well.

### E.  The Interests of the Courts and the Public

As to the remaining factors, the Court and the public not only have an interest in ensuring that the criminal prosecution proceeds speedily but also have "a strong interest in keeping litigation moving to conclusion without unnecessary delay."  *Tibbs*, 2012 WL 4480360, at *3 (quotation omitted).  Furthermore, the public has an interest in the integrity of a criminal case, but as the government has not yet brought a criminal case that interest has not ripened.  The civil

allegations involve fraudulent practices. The public has an interest in knowing the validity of these allegations. Without a criminal case, the civil case provides the only outlet. While the discovery itself will not be public, the prompt proceeding of this case to resolution serves the public interest. These factors weigh against a stay at this time.

## **CONCLUSION**

Given the circumstances set forth in the briefing and considering the aforementioned factors, the Court does not consider a stay in the civil proceedings necessary. Therefore, the Court DENIES the Motion to Stay without prejudice. (ECF No. 81, 83.) If the circumstances change, the Court invites the parties to move the Court again, if necessary.

SO ORDERED this 1st day of May, 2013.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge